**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SAVANNAH HOLM,

    Petitioner,

v.                                                                                                  No. 24-cv-867 JCH/GJF

RICHARD WITTEN, *et al.*

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Savannah Holm's Amended 28 U.S.C. § 2254 Habeas Petition (Doc. 5) (Petition). Petitioner challenges her 2016 state conviction. Petitioner has also filed a Motion to Proceed in Forma Pauperis (Doc. 6) (IFP Motion). Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will grant the IFP Motion in part and require Petitioner to show cause why her Petition should not be dismissed as untimely.

## BACKGROUND

On July 8, 2016, Petitioner was found guilty by a jury of the following charges: (1) Kidnapping; (2) Conspiracy to Commit Kidnapping; (3) Attempt to Commit First Degree Murder; (4) Aggravated Battery (two counts); (5) Abuse of a Child; and (6) Contributing to the Delinquency of a Minor. *See* Judgment, Order, and Commitment to the New Mexico Corrections Department, filed in Case No. D-0619-CR-2013-00172.[1] The state court sentenced her to a total term of forty-six (46) years and six (6) months imprisonment, followed by two (2) years parole, with sixteen

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case Nos. D-0619-CR-2013-00172, A-1-CA-35932, S-1-SC-38159, and S-1-SC-40044. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

(16) years and six (6) months suspended. *Id.* The state court entered judgment on the conviction and sentence on August 25, 2016. *See id.* Petitioner filed a direct appeal, and on January 23, 2020, the New Mexico Court of Appeals (NMCA) reversed her conviction for child abuse and affirmed the remaining convictions. *See* Memorandum Opinion, filed in Case No. A-1-CA-35932. The New Mexico Supreme Court (NMSC) denied certiorari relief on March 2, 2020. *See* Order Denying Cert. Pet., filed in Case No. S-1-SC-38159. Petitioner was resentenced by the state district court on March 24, 2020 to a term of forty-three (43) years and six (6) months imprisonment, followed by two (2) years parole, with thirteen (13) years and six (6) months suspended. *See* Amended Judgment, Sentence, and Commitment to the New Mexico Corrections Department, filed in Case No. D-0619-CR-2013-00172.

The state dockets reflect Petitioner did not file a direct appeal of the Amended Judgment, and the appeal period expired on April 24, 2020. *See* NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order). The state dockets further reflect Petitioner did not seek review with the United States Supreme Court (USSC) of the NMSC denial of certiorari relief. *See* Docket Sheets D-0619-CR-2013-00172 and S-1-SC-38159. Accordingly, Petitioner's convictions became final on July 31, 2020, the first business day after the then-existing 150-day deadline to file a petition for a writ of certiorari in the United States Supreme Court. *See Hall v. Ward*, 117 Fed. App'x 18, 20 (10th Cir. 2004) (recognizing a conviction becomes final after the time period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed); *see also* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (Mar. 19, 2020) ("[T]he deadline to file any

petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment."), *rescinded* July 19, 2021, 338 F.R.D. 801.[2]

There was no further activity by Petitioner in the state criminal case until May 18, 2022, when she filed a Letter requesting copies of documents filed in her case. *See* Letter, filed in Case No. D-0619-CR-2013-00172. On July 13, 2022, Petitioner filed an Application for Free Process and Affidavit of Indigency relating to her document request, which was denied by the state district court on August 3, 2022 because the document request "is not subject to free process procedures." *See* Application for Free Process and Order, filed in Case No. D-0619-CR-2013-00172. On May 8, 2023, Petitioner filed a state habeas petition. *See* Petition for Writ of Habeas Corpus, filed in Case No. D-0619-CR-2013-00172. The state trial court issued an order dismissing the habeas petition June 26, 2023. *See* Order Dismissing Petition for Writ of Habeas Corpus, filed in Case No. D-0619-CR-2013-00172. Petitioner then sought state certiorari review of the state court's Order, and the NMSC denied the petition for certiorari on November 20, 2023. *See* Order Denying Petition in Case No. S-1-SC-40044.

Petitioner initiated this § 2254 proceeding on August 29, 2024. She challenges the dismissal of her habeas petition by the state trial court and NMSC. *See* (Doc. 1) at 16-31. The Court will conduct an initial review of the Petition pursuant to Habeas Corpus Rule 4.

## **DISCUSSION**

Habeas Corpus Rule 4 requires a *sua sponte* review of § 2254 claims. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is

---

[2] The Court assumes without deciding that Petitioner's convictions became final on July 31, 2020 (instead of April 24, 2020) for purposes of determining whether her § 2254 Petition is timely. This later date benefits Petitioner and does not affect the Court's reasoning below.

not dismissed, the judge must order the [Attorney General] to file an answer ….." *Id.* As part of the initial review process, "district courts are permitted ... to consider, *sua sponte*, the timeliness of a … habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)     While a state post-conviction motion is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, the limitation period began to run at the latest on July 31, 2020, when the time period for filing a petition for a writ of certiorari in the USSC expired. *See Hall*, 117 Fed. App'x at 20. There was no discernable tolling activity during the next year, and the one-year period expired on August 2, 2021. Any state habeas petitions filed after that date did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 F.

4

App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (Section § 2254 "petitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after ... the end of the limitations period").[3]  Accordingly, Petitioner must show cause why this § 2254 proceeding is not time-barred.  The failure to timely respond and overcome the time-bar may result in dismissal of the Amended Petition with prejudice and without further notice.

The Court also considers Petitioner's IFP Motion.  (Doc. 6).  Petitioner paid the $5.00 habeas filing fee on August 29, 2024.  Accordingly, to the extent Petitioner seeks a waiver of the $5.00 habeas filing fee, the request is moot.  To the extent she seeks other benefits of *in forma pauperis* status, such as court-supplied service, the IFP Motion will be granted.

**IT IS THEREFORE ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why her § 2254 Petition should not be dismissed as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed in Forma Pauperis (**Doc. 6**) is **GRANTED IN PART** as set forth above.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] The Supreme Court has created one exception to this general rule.  *Jimenez v. Quarterman* holds a state habeas order granting an out of time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal."  555 U.S. 113, 120–21 (2009).  The *Jimenez* exception is inapplicable here because Petitioner did not obtain state habeas relief.