**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SAVANNAH HOLM,

Petitioner,

v. No. 24-cv-867 JCH/GJF

RICHARD WITTEN, *et al.*,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Savannah Holm's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 5) (Amended Petition), in which she challenges her 2016 state convictions. Petitioner is proceeding *pro se* and *in forma pauperis*. The Court previously directed Petitioner to show cause why her Amended Petition should not be dismissed for failure to file within the one-year statute of limitations period. (Doc. 7). Having reviewed the Response (Doc. 8) and applicable law, the Court concludes the Petition is time-barred and Petitioner does not demonstrate grounds for tolling. The Court will dismiss the Amended Petition pursuant to Habeas Corpus Rule 4.

**BACKGROUND**

On July 8, 2016, Petitioner was found guilty by a jury of the following charges: (1) Kidnapping; (2) Conspiracy to Commit Kidnapping; (3) Attempt to Commit First Degree Murder; (4) Aggravated Battery (two counts); (5) Abuse of a Child; and (6) Contributing to the Delinquency of a Minor. *See* Judgment, Order, and Commitment to the New Mexico Corrections Department,

filed in Case No. D-0619-CR-2013-00172.[1] The state court sentenced her to a total term of forty-six (46) years and six (6) months imprisonment, followed by two (2) years parole, with sixteen (16) years and six (6) months suspended. *Id.* The state court entered judgment on the conviction and sentence on August 25, 2016. *See id.* Petitioner filed a direct appeal, and on January 23, 2020, the New Mexico Court of Appeals (NMCA) reversed her conviction for child abuse and affirmed the remaining convictions. *See* Memorandum Opinion, filed in Case No. A-1-CA-35932. The New Mexico Supreme Court (NMSC) denied certiorari relief on March 2, 2020. *See* Order Denying Cert. Pet., filed in Case No. S-1-SC-38159. Petitioner was resentenced by the state district court on March 24, 2020 to a term of forty-three (43) years and six (6) months imprisonment, followed by two (2) years parole, with thirteen (13) years and six (6) months suspended. *See* Amended Judgment, Sentence, and Commitment to the New Mexico Corrections Department, filed in Case No. D-0619-CR-2013-00172.

The state dockets reflect Petitioner did not file a direct appeal of the Amended Judgment, and the appeal period expired on April 24, 2020. *See* NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the adverse order). The state dockets further reflect Petitioner did not seek review with the United States Supreme Court of the NMSC March 2, 2020 order denying certiorari relief. *See* Docket Sheets D-0619-CR-2013-00172 and S-1-SC-38159. Accordingly, Petitioner's convictions became final, at the latest, on July 31, 2020, the first business day after the then-existing 150-day deadline to file a petition for a writ of

[1] To better interpret the citations in the Petition, the Court took judicial notice of Petitioner's state court criminal dockets, Case Nos. D-0619-CR-2013-00172, A-1-CA-35932, S-1-SC-38159, and S-1-SC-40044. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court).

certiorari in the United States Supreme Court regarding the NMSC March 2, 2020 order. *See Hall v. Ward*, 117 Fed. App'x 18, 20 (10th Cir. 2004) (recognizing a conviction becomes final after the time period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed); *see also* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (Mar. 19, 2020) ("[T]he deadline to file any petition for a writ of certiorari due on or after the date of this order is extended to 150 days from the date of the lower court judgment."), *rescinded* July 19, 2021, 338 F.R.D. 801.[2]

There was no further activity by Petitioner in the state criminal case until May 18, 2022, when she filed a Letter requesting copies of documents filed in her case. *See* Letter, filed in Case No. D-0619-CR-2013-00172. On July 13, 2022, Petitioner filed an Application for Free Process and Affidavit of Indigency relating to her document request, which was denied by the state district court on August 3, 2022 because the document request "is not subject to free process procedures." *See* Application for Free Process and Order, filed in Case No. D-0619-CR-2013-00172. On May 8, 2023, Petitioner filed a state habeas petition. *See* Petition for Writ of Habeas Corpus, filed in Case No. D-0619-CR-2013-00172. The state trial court issued an order dismissing the habeas petition June 26, 2023. *See* Order Dismissing Petition for Writ of Habeas Corpus, filed in Case No. D-0619-CR-2013-00172. Petitioner then sought state certiorari review of the state court's Order, and the NMSC denied the petition for certiorari on November 20, 2023. *See* Order Denying Petition in Case No. S-1-SC-40044.

[2] The Court assumes without deciding that Petitioner's convictions became final on July 31, 2020 (instead of on April 24, 2020) for purposes of determining whether her § 2254 Petition is timely. This later date benefits Petitioner and does not affect the Court's reasoning below.

Petitioner initiated this § 2254 proceeding on August 29, 2024 (Doc. 1) and filed an Amended Petition on March 14, 2025 (Doc. 5). She challenges the dismissal of her habeas petition by the state trial court and NMSC. *See* (Doc. 5) at 16-31. By an Order entered September 29, 2025, the Court screened this case under Habeas Corpus Rule 4 and determined that, absent grounds for tolling, the habeas one-year limitations period expired on August 2, 2021 and the § 2254 Petition filed August 29, 2024 was untimely. (Doc. 7). The Court explained that Petitioner's state habeas petition, filed on May 8, 2023, did not restart the clock or otherwise impact the expired limitations period. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, the Court ordered Petitioner to show cause why the § 2254 proceeding should not be dismissed as untimely. (Doc. 7) at 5. On October 30, 2025 Petitioner filed her response to the show-cause Order. (Doc. 8) (Response).

**DISCUSSION**

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Because the limitations period is not jurisdictional, it can also be extended through equitable tolling. *See Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

As noted above, Petitioner's convictions became final and the one-year statute of limitations began to run at the latest on July 31, 2020, the first business day after the deadline to file a petition for a writ of certiorari in the United States Supreme Court. *See Hall*, 117 Fed. App'x at 20 (recognizing a conviction becomes final after the time-period for filing a petition for a writ of certiorari in the United States Supreme Court has lapsed). There was no tolling activity in the year that followed, so the one-year limitation period for filing a § 2254 habeas petition expired on August 2, 2021. *See* 28 U.S.C. § 2244(d)(1). Petitioner's state habeas petition, filed on May 8, 2023, did not restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbot*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Fisher*, 262 F.3d at 1142-43 (same). Accordingly, absent equitable tolling, the one-year limitations period expired on August 2, 2021, and any § 2254 claims filed after that date are time-barred.

The Court explained the above principles in its Order to Show Cause. (Doc. 7). In her Response to the Order to Show Cause, Petitioner does not contest the above timeline of state court filings. (Doc. 8). The Court discerns that the Response, construed liberally, asks the Court to apply the doctrine of equitable tolling due to the COVID-19 pandemic because: (1) Petitioner's facility experienced lengthy lockdowns; (2) inmates did not have direct access to the mailbox and the officers hesitated to handle mail; (3) Petitioner contracted the virus and was quarantined "for a length of time;" and (4) "the processing of the courts was also affected." (Doc. 8) at 1. Petitioner further seeks tolling because her attorney passed away and Petitioner was unaware of

this "for some period of time," and when she finally learned of her attorney's death, she "made efforts to get the paperwork she had of mine that she acquired from my trial" and "did my best to continue filing on my own." *Id.* at 1-2. Petitioner states she followed the "requirements of appealing and state habeas corpus before continuing onto the federal level." *Id.* at 2.

The one-year statute of limitations for filing a writ of habeas corpus may be tolled either through statutory or equitable tolling. *See* 28 U.S.C. § 2244; *Holland v. Florida*, 560 U.S. at 651-52 (holding that 28 U.S.C. § 2244 "is subject to equitable tolling in appropriate cases."). Statutory tolling occurs: (i) while a state habeas petition is pending; (ii) where unconstitutional state action has impeded the filing of federal habeas petition; (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim; or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the limitations period had expired. *See* 28 U.S.C. § 2244(d)(1)-(2). By contrast, equitable tolling provides more generalized relief; a petitioner is entitled to equitable tolling if the petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

## I. EQUITABLE TOLLING

Equitable tolling is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015). The doctrine only applies if some extraordinary circumstance outside of the petitioner's control prevented the petitioner from timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007); *Menominee Indian Tribe of Wis. v. United States*, 136

S. Ct. 750, 756 (2016). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances." *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). The Petitioner must also separately describe "the steps he took to diligently pursue his federal claims while those circumstances existed." *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. Jan. 25, 2022) (noting that *Yang* requires both "extraordinary circumstances *and* due diligence") (emphasis in original). *See also Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling requires "specificity regarding the alleged lack of access and the steps [petitioner] took to diligently pursue his federal" petition).

**A. First Element of Equitable Tolling: Extraordinary Circumstances**

In her show-cause Response, Petitioner cites two circumstances that allegedly prevented her from filing a federal habeas petition during the pendency of the one-year period, *i.e.*, between July 31, 2020 and August 2, 2021. Petitioner argues the Court should apply the doctrine of equitable tolling due to: (1) the COVID-19 pandemic when her facility underwent lengthy lockdowns, inmates did not have direct access to the mailbox, officers hesitated to handle mail, Petitioner contracted the virus and was quarantined "for a length of time," and "the processing of the courts was also affected;" and (2) Petitioner's attorney passed away and Petitioner was unaware of this "for some period of time," and when she learned of her attorney's death, she "made efforts to get the paperwork she had of mine that she acquired from my trial," "did my best to continue filing on my own," and followed "requirements of appealing and state habeas corpus before continuing onto the federal level." (Doc. 8).

First, regarding Petitioner's claims concerning the COVID-19 pandemic, Petitioner does not demonstrate that its effects prevented her from filing a § 2254 petition during the entire

duration of the one-year limitations period. Petitioner does not specify when she contracted COVID or how long her illness lasted, and she does not allege ongoing effects from her illness or that other effects of the pandemic made it impossible for her to file during the entire appeal period. *See Takemire v. Novak*, 57 Fed. App'x, 385, 387 (10th Cir. 2003) (denying equitable tolling, despite the petitioner's history of "long standing physical complications," when the petitioner did not show such issues "made it impossible to file"). Petitioner also does not explain how sporadic access to the mailbox or the "processing of the courts" affected her ability to file a timely habeas petition. *See* (Doc. 8) at 1. She does not allege that she was unable to use the mail or file a petition during the entire appeal period. Nor does she allege that she would have timely filed her habeas petition if she had better access to the mailbox or courts. Indeed, the record reflects that Petitioner was able to file Letters and pursue a state habeas petition prior to filing her § 2254 Petition in this Court. *See* May 18, 2022, Letter; July 13, 2022, Application for Free Process; and May 8, 2023, state habeas petition, all filed in Case No. D-0619-CR-2013-00172.

Similarly, Petitioner does not state when the facility was on lockdown or for how long. *See Phares v. Jones*, 470 Fed. App'x. 718, 719 (10th Cir. 2012) ("The mere fact of a prison lockdown … does not qualify as extraordinary."). To the extent Petitioner alleges lack of access to legal resources due to prison lockdowns, the Tenth Circuit has not granted equitable tolling for alleged inadequate access to legal resources. *See Miller*, 141 F.3d at 978 (declining to toll the statute of limitations period where the petitioner argued the facility had neither materials for review that would allow the petitioner to file an informed habeas petition, nor a process to request those materials). This is the case even in the context of prolonged COVID-19 lockdowns. *See Strickland v. Crow*, 2022 WL 245521, at *4 (10th Cir. 2022) (declining to apply equitable tolling

where the habeas petitioner had "limited access to the prison law library due to COVID-19 quarantine lockdowns"); *Donald v. Pruitt*, 853 Fed. App'x 230, 234 (10th Cir. 2021) (declining to apply tolling where the petitioner had "limited access to the law library in the wake of COVID-19" and alleged that "COVID restrictions prevented him from meeting with another inmate for help in preparing and filing his legal documents"); *Pena-Gonzales v. State*, 2022 WL 214747, at *1 (10th Cir. 2022) (finding no equitable tolling where the petitioner alleged "lockdowns caused by COVID-19, riots, and prison killings prevented him from accessing the prison law library"). To establish an extraordinary circumstance due to lack of legal resources, "the inmate … must go one step further and demonstrate that the alleged shortcomings … hindered his efforts to pursue a legal claim." *United States v. Oakes*, 445 Fed. App'x 88, 94 (10th Cir. 2011); *see also Miller*, 141 F.3d at 978 (to show the circumstances were extraordinary, the petitioner must provide "specificity regarding the alleged lack of access"). Here, Petitioner does not allege specific facts showing that the lockdowns "prevented [her] … from timely moving for relief" under 28 U.S.C. § 2254. *United States v. Tinsman*, 2022 WL 3208346, at *4 (10th Cir. 2022).

Second, regarding her attorney's death, Petitioner does not specify what materials she sought from her attorney after learning of her death or how those materials were necessary for filing her habeas petition. The Tenth Circuit has repeatedly held that the lack of access to transcripts and case documents, without more, does not amount to an extraordinary circumstance. *See Kenneth v. Martinez*, 771 Fed. App'x 862, 865 (10th Cir. 2019) ("[T]his court has repeatedly rejected the argument that difficulty in obtaining trial records constitutes 'extraordinary circumstances' justifying equitable tolling"); *Bhutto v. Wilson*, 669 F. App'x 501, 503 (10th Cir. 2016) ("The failure to receive trial transcripts and certain other court documents to canvas the

record for possible error does not constitute 'extraordinary circumstances' that would entitle [a petitioner] to equitable tolling."); *United States v. Denny*, 694 F.3d 1185, 1189, 1191-92 (10th Cir. 2012) (rejecting claim that attorney's delay in forwarding case records warrants equitable tolling); *Levering v. Dowling*, 721 Fed. App'x 783, 788 (10th Cir. 2018) (noting "difficulty in obtaining trial court transcripts" is not an extraordinary circumstance warranting tolling); *Heinemann v. Murphy*, 401 F. App'x 304, 311-12 (10th Cir. 2010) (rejecting the argument that "the unavailability of a transcript warrants equitable tolling"); *Porter v. Allbaugh*, 672 Fed. App'x 851, 857 (10th Cir. 2016) ("*general* difficulties in obtaining trial transcripts and in accessing the … law … fail to constitute *extraordinary* circumstances") (emphasis in original).

Even if the lack of access to transcripts/case documents could be construed as extraordinary, Petitioner's Response fails to demonstrate such circumstance actually "prevented [her] … from timely moving for relief" under 28 U.S.C. § 2254. *See Tinsman*, 2022 WL 3208346, at *4 (addressing extraordinary circumstances); *see also Ramirez v. Allbaugh*, 771 Fed. App'x 458, 462 (10th Cir. 2019) ("any confusion or misunderstanding on [Petitioner's] part" is "insufficient to invoke equitable tolling because ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"). The Response is also devoid of facts showing when Petitioner finally received most of her records or what records (if any) she eventually obtained that allowed her to file a federal petition. Hence, there is no way to calculate when tolling begins and ends, and equitable tolling cannot be applied where there are no facts linking the lack of case documents to the inability to file a federal petition. *See Al-Yousif v. Trani,* 779 F.3d 1173, 1179-80 (10th Cir. 2015) (reversing application of equitable tolling because inmate did not adequately

explain or support claim with specific facts); *Miller*, 141 F.3d at 978 (rejecting equitable tolling for lack of specificity).

Petitioner also seeks equitable tolling because she followed "the requirements of appealing and state habeas corpus before continuing onto the federal level." (Doc. 8) at 2. Petitioner's decision to pursue a state habeas petition instead of a federal habeas petition does not excuse a late § 2254 filing. The Tenth Circuit explains: "Any confusion or misunderstanding on [Petitioner's] part" is "insufficient to invoke equitable tolling because ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Ramirez*, 771 Fed. App'x at 462; *Marsh*, 223 F.3d at 1229 ("It is well established that ignorance of the law . . . does not excuse prompt filing."). Moreover, Petitioner filed her state habeas petition on May 8, 2023, well after the one-year limitation period for filing a § 2254 habeas petition had run on August 2, 2021. Consequently, Petitioner cannot demonstrate an extraordinary circumstance based on her confusion regarding the one-year limitation period or a delay due to pursuing a state habeas petition first.

For each reason above, the Court concludes that Petitioner's show-cause Response does not demonstrate extraordinary circumstances prevented her from timely filing a § 2254 petition during the one-year period, *i.e.*, between July 31, 2020 and August 2, 2021, at the latest. Therefore, Petitioner does not meet the first element of the equitable tolling test.

**B. Second Element of Equitable Tolling: Due Diligence**

Alternatively, even if Petitioner could establish extraordinary circumstances, she does not show due diligence. *See Pena-Gonzales*, 2022 WL 214747, at *1 (A habeas petitioner must show both extraordinary circumstances and that the petitioner "diligently pursue[d] his federal claims

while those circumstances existed."). To show "due diligence" in the habeas context, a petitioner must allege specific facts about the steps that she took to pursue her claim. *See Miller*, 141 F.3d at 978 (addressing due diligence under the equitable tolling standard, and noting the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition).

Petitioner's Response to the show-cause Order focuses on the COVID-19 pandemic, lockdowns, and delays in receiving documents after the death of her attorney. *See* (Doc. 8). Petitioner does not describe what particular steps (if any) she took to pursue her § 2254 claims during the pendency of the one-year limitation period. *See Gordon v. Crow,* 2023 WL 3065542, at *2 (10th Cir. 2023) ("[W]hat a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall."); *Donald*, 853 Fed. App'x at 234 (inmate who experiences COVID-19 lockdowns must still show she "was pursuing his rights diligently throughout the one-year window"). While Petitioner states she pursued a state habeas petition "before continuing onto the federal level," she did not file her state habeas petition until May 8, 2023, which was well after the one-year limitation period for filing a § 2254 habeas petition had run on August 2, 2021. (Doc. 8) at 2. Petitioner therefore fails to satisfy either prong of the equitable tolling test.

## II. STATUTORY TOLLING

Statutory tolling occurs: (i) while a state habeas petition is pending; (ii) where unconstitutional state action has impeded the filing of federal habeas petition; (iii) where the Supreme Court has recognized a new constitutional right that affects the petitioner's claim; or (iv) where the factual basis for the petitioner's claims could not have been discovered until after the

limitations period had expired. *See* 28 U.S.C. § 2244(d)(1)-(2). The Court does not see a new constitutional right that the Supreme Court has identified that affects Petitioner's claims, nor does Petitioner identify new facts that have come to light regarding her conviction. The Court's analysis will therefore hinge on whether Petitioner's state habeas petition was tolled appropriately and whether unconstitutional state action impeded Petitioner's ability to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1).

As stated above, Petitioner's convictions became final on July 31, 2020 and the one-year limitation period expired on August 2, 2021. Petitioner filed her state habeas petition almost two years later on May 8, 2023. *See* Petition for Writ of Habeas Corpus, filed in Case No. D-0619-CR-2013-00172. The Tenth Circuit has held that state habeas proceedings or other tolling motions filed after the expiration of the one-year period cannot restart the clock or otherwise impact the expired limitations period. *See Gunderson v. Abbott*, 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the … [one-year] deadline does not toll the limitations period."); *Fisher*, 262 F.3d at 1142-43 ("[P]etitions cannot be tolled for time spent in state post-conviction proceedings because [petitioner's state] applications for post-conviction relief were not filed until after … the end of the limitations period."); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000) (holding that the statute of limitations period is not reset when a state petition is denied); *Rashid v. Khulman*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

The Supreme Court has created one exception to this rule. In *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), the Supreme Court held that a state habeas order granting an out-of-time appeal can "reset AEDPA's 1-year limitations period," since it effectively "restore[s] the pendency of the direct appeal." The *Jimenez v. Quarterman* exception is inapplicable here because the state habeas petition did not reopen Petitioner's direct appeal period. Consequently, the state court orders denying Petitioner's state habeas petition have no bearing on the timeliness of Petitioner's § 2254 claims.

Petitioner may also seek statutory tolling based on lack of access to legal resources on the theory that those circumstances were a state-created impediment to filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B); *Aragon v. Williams*, 819 Fed. App'x 610, 613 (10th Cir. 2020). Here, however, the lack of legal resources that Petitioner experienced does not constitute a state-created impediment to filing, because, although inconvenient, they did not make it impossible for Petitioner to file a federal habeas petition. Section 2244(d)(1)(B) requires a state prisoner to file her federal habeas petition within one year of "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B); *see Corson v. Colorado*, 722 Fed. App'x 831, 834 (10th Cir. 2018) (noting that § 2244(d)(1)(B) "relates to an impediment that prevents the filing of a federal court action") (citation omitted). To take advantage of § 2244(d)(1)(B), a petitioner must "allege specific facts that demonstrate how [the state action] … impeded his ability to file a federal habeas petition." *Weibley*, 50 Fed. App'x at 403. For example, the petitioner must show that the state action prevented the petitioner from filing a federal petition, rather than just discouraging the petitioner

from filing the petition. *See, e.g., U.S. v. Thody*, 460 Fed. App'x 776, 780-81 (10th Cir. 2012) (rejecting statutory tolling argument where the petitioner was not prevented from filing a habeas petition, although he thought it would be useless because of a detainer). Statutory tolling under § 2244(d)(1)(B) can apply "when the State thwarts a prisoner's access to the courts … by denying an inmate access to his legal materials or a law library." *Aragon*, 819 Fed. App'x at 613. The lack of access, however, "must have actually prevented the inmate from filing his application." *Id.* (declining to apply tolling and noting that the "fact that Petitioner did not inquire into the nature of his sentences or conduct legal research until [after the one-year period] is not attributable to the state").

While Petitioner contends she did not have consistent or adequate access to legal resources or trial documents, she does not allege any specific facts that demonstrate how state action impeded her ability to file a federal habeas petition, or that she was actually prevented from filing a federal petition. The Court, therefore, concludes that Petitioner's lack of access to legal resources does not statutorily toll the statute of limitations. *See Aragon*, 819 Fed. App'x at 613; *see also Garcia v. Hatch*, 343 Fed. App'x 316, 318-19 (10th Cir. 2009) ("While the quality of [the § 2254] petition might have been improved with greater legal assistance," the petitioner failed to show he was actually "incapable of filing a timely habeas petition given the resources available.").

In sum, the Court finds that Petitioner's Response to the Show Cause Order does not establish grounds for equitable or statutory tolling. The one-year limitations period expired on August 2, 2021, and the federal habeas proceeding filed on August 29, 2024 is time-barred. The Court must therefore dismiss this habeas proceeding with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the time-bar is not reasonably

debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS THEREFORE ORDERED** that Petitioner Savannah Holm's Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 5**) is **DISMISSED with prejudice** as time-barred; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil case.

SENIOR UNITED STATES DISTRICT JUDGE